UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD LEWIS,                   Case No. 1:14-cv-820

    Plaintiff,

                                               Dlott, J.
v.                                                   Bowman, M.J.

FRISCH'S,

    Defendant.

**REPORT AND RECOMMENDATION**

**I. Background**

Plaintiff, proceeding *pro se*, filed an employment discrimination complaint on October 21, 2014. Plaintiff's complaint alleges that he was told that he had been hired by a manager at Frisch's restaurant on North Bend Road in Cincinnati, Ohio on September 19, 2013.  However, he alleges that a second manager sent him home on the same date, before he could begin working, and he subsequently learned that someone else was hired in his place.  Plaintiff alleges that he suffered a loss of employment due to race discrimination.  He attached to his complaint a Notice of his Right to Sue, dated July 22, 2014.  (Doc. 1-1 at 5).

On October 22, 2014, the undersigned granted Plaintiff's application to proceed *in forma pauperis*.  (Doc. 2).  While Plaintiff's *in forma pauperis* status entitled him to file his complaint and have the U.S. Marshal serve his complaint without payment of fees, the Court could not provide service on Plaintiff's behalf based on the facially inadequate documentation originally submitted.  The undersigned first explained to Plaintiff that it remained his "responsibility to provide adequate instructions and a valid address by

which service can be accomplished within 120 days from the date the complaint is filed." The undersigned further explained: "In general, Rule 4(h) of the Federal Rules of Civil Procedure provides that service on a corporation may be made by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized to receive service of process." (*Id.* at 2). The Court informed Plaintiff that the reason that the summons he originally tendered was "inadequate" was because it identified "Frisch's" at an address on "Northbend," but failed to identify any "particular person, officer, or agent of the Defendant to whom service should be directed." (*Id.*, footnote omitted). In an effort to assist Plaintiff in fulfilling his duty to provide the Court with an adequate summons form, the undersigned took judicial notice of the fact that the EEOC previously mailed a copy of the disposition of Plaintiff's charge to Jack Abeln, Loss Prevention/Human Resource, Frischs, 2800 Gilbert Ave., Cincinnati, Ohio 45206. (Doc. 2 at 2, n.1).

Plaintiff failed to comply with that October 22, 2014 Order, even though the Order was sent to Plaintiff at the address specified on his complaint. However, the record also reflected that attempted service by certified mail was returned as unclaimed on November 21, 2014. Therefore, on December 5, 2014, the Court directed the Clerk of Court to resend a second copy of the same October 22, 2014 Order, as well as the new order, by regular first class mail. (Doc. 6 at ¶1).

In its December 5 Order, the Court reiterated the importance of service, explaining that "this case cannot move forward absent instruction from the Plaintiff concerning service, and the completion of a proper summons form providing that instruction." (Doc. 6 at 3). The Court expressly warned Plaintiff twice in the same order

2

that if he continued to fail to comply with the Court's instructions to return a proper summons form, "his case may be subject to dismissal." The Court specifically directed Plaintiff to "SHOW CAUSE in writing on or before December 30, 2014 for his failure to provide the Court with an adequately completed summons form." (*Id.* at ¶2). The Court explained that if Plaintiff complied by providing the previously requested updated summons form by December 30, 2014, including all information required by Rule 4(h), then the Clerk would be directed to transmit that form to the United States Marshal for service. However, "[i]f Plaintiff fails to timely comply with this Order, and/or fails to complete an updated summons form, he is forewarned that his suit may be dismissed." (Doc. 6, ¶¶3-4).

## II. Analysis

Plaintiff has failed to timely comply with the Court's directions to submit a properly completed summons form, and has failed to show cause for his failure to do so. On December 8, 2014, Plaintiff tendered three additional summons forms to the Clerk, but none complied with the Court's prior two orders. In two forms, Plaintiff identified new Defendants as: "Larry Manager of Frisch's 5361 North Bend Rd" and "Sean Manager" at the same address. Individual managers who do not otherwise qualify as an "employer" generally cannot be held liable under Title VII. *See Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000). In the third summons form, Plaintiff has again identified the only proper Defendant, his would-be employer. However, the summons form repeats the same facial deficiencies as were previously noted, identifying the Defendant as: "Frisch, 5361 North Bend Rd., Cincinnati, Ohio 45239."

3

### III. Conclusion and Recommendation

Because Plaintiff has failed to comply with two separate Orders instructing him to tender a properly completed summons form, and has further failed to comply with the December 5, 2014 Order directing him to "show cause" for such failure, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED** for failure to prosecute.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD LEWIS,

    Plaintiff,

v.

FRISCH'S,

    Defendant.

Case No. 1:14-cv-820

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge